IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| Claudia Manriquez, A075 317 732 | ) | |
| Petitioner | ) | |
| | ) | Case No._____ |
| v. | ) | |
| | ) | PETITION FOR WRIT OF HABEAS |
| Jeffrey D. Lynch, Field Office Director, | ) | CORPUS |
| Immigration and Customs Enforcement; | ) | AND |
| Kirstjen Nielsen, Secretary of DHS; | ) | REQUEST FOR IMMEDIATE |
| Jefferson Sessions, U.S. Attorney General; | ) | HEARING DUE TO CONTINUED |
| James McHenry, Director EOIR; | ) | INCARCERATION |
| Johnny Choate, Aurora ICE Processing center | ) | |
| | ) | |
| Respondents | ) | |

I.      Introduction

Claudia Manriquez is currently being held in jail without bond by immigration officials.
Although Mrs. Manriquez has been held in detention for approximately 1 year, 10 months, since
April 19, 2016, the respondents have refused to establish a bond notwithstanding the fact that on
December 7, 2017, the immigration judge granted Mrs. Manriquez's application for legal
permanent residency (the Department has appealed).  After the immigration judge granted Mrs.
Manriquez legal residency, the Department again opposed her request for a bond and the
immigration judge claimed she lacked authority to grant her a bond by operation of 8 U.S.C.
§1226(C).  The refusal to even grant a bond hearing after such a lengthy civil incarceration
violates the Eighth Amendment and the Due Process Clause of the Constitution.

II.     The Parties to This Complaint
        A.      The Plaintiff(s)

                Provide the information below for each plaintiff named in the complaint.  Attach
additional pages if needed.

|  |  |
|---|---|
| Name: | Claudia Liria Manriquez-Sepulveda |
| Street Address: | 3130 N. Oakland St |
| City and County: | Aurora |
| State and Zip Code: | CO 80010 |
| Telephone Number: | 303-361-6612 |
| E-mail Address: | n/a |

        B.      The Respondents

                Defendant No. 1

Name:     Jeffrey D Lynch
Job or Title:    Field Office Director, ICE
Street Address   12445 E Caley Ave
City and County  Centennial (Arapahoe)
State and Zip Code  CO 80111
Telephone Number (720) 873-2899
E-mail Address (if known) jeffrey.lynch@ice.dhs.gov

Mr. Lynch is the ICE Field office Director, and the custodian of Mrs. Manriquez.  Mr. Lynch is sued in his official capacity

Defendant No. 2

Name:     Kirstjien Nielsen
Job or Title     Secretary DHS
Street Address:   650 Massachusetts Ave NW
City and County:  Washington
State and Zip Code: DC 20001
Telephone Number: 202-282-8495
E-mail Address:  Unknown

Mrs. Nielsen is sued in her official capacity

Defendant No. 3

Name:     Jefferson Sessions
Job or Title:    Attorney General
Street Address:   950 Pennsylvania Ave NW
City and County:  Washington
State and Zip Code: DC 20530-0001
Telephone Number: 202-514-2000
E-mail Address:  Unknown

Mr. Sessions has authority over the Executive Office for Immigration Review.  He is sued in his official capacity.

Defendant No. 4

Name:     James McHenry
Job or Title:    Director EOIR
Street Address:   5107 Leesburg Pike, Suite 1902
City and County:  Falls Church
State and Zip Code: VA 22041
Telephone Number: 703-305-0289
E-mail Address:  Unknoqn

Mr. McHenry has the authority to order an Immigration Judge to hold a bond hearing. He is sued in his official capacity.

Defendant No. 5

| | |
|---|---|
| Name: | Johnny Choate |
| Job or Title: | Warden, Aurora ICE Processing Center |
| Street Address: | 3130 N Oakland St |
| City and County: | Aurora, Arapahoe |
| State and Zip Code: | CO 80010 |
| Telephone Number: | 303-361-6612 |
| E-mail Address: | Unknown |

Mr. Choate is the Warden for the Aurora ICE Processing Center, a private detention facility operated by GEO Group, INC under contract for the Department of Homeland Security, Immigration and Customs Enforcement.  He is sued in his official capacity.

III.     Basis for Jurisdiction

A.      Jurisdiction is proper under 28 USC §1331 and §2241
B.      Venue is proper in the District of Colorado as the Petitioner resides in this district.  She is being held in custody in this district, and the respondent resides in this district.

IV.     Facts and Argument

1.      Mrs. Manriquez is a Mexican national.

2.      She has been held by ICE without bond since April 2016 pursuant to 8 U.S.C. §1226(C) as an aggravated felon, as defined by 8 U.S.C. §1101(a)(43).

3.      Mrs. Manriquez applied for legal residency with the Immigration Judge.  Because Mrs. Manriquez served 11 years in prison for assault and kidnapping, the Judge had to determine that Mrs. Manriquez was rehabilitated and that a qualifying relative or relatives would suffer extreme hardship if she were removed from the U.S.

4.      The evidence of Mrs. Manriquez's rehabilitation was overwhelming, and thus, not withstanding her criminal history, the immigration judge granted Mrs. Manriquez's application for legal permanent residency and granted her the necessary waiver.  This was done on December 7, 2017.

5.      On January 8, 2018, Mrs. Manriquez sought a custody re-determination by the Immigration Judge who found she lacked jurisdiction to grant Mrs. Manriquez a bond *hearing* due to 8 U.S.C. §1226(C).

6.      The Due Process Clause of the Fifth Amendment to the U.S. Constitution forbids the government from depriving any person of liberty without due process of law.  In civil

proceedings, including deportation cases,[1] detention is justified only in certain "special and narrow" nonpunitive circumstances, where a special justification, such as harm threatening mental illness, outweighs the individual's constitutionally protected interest in avoiding physical restraint. *Zadvydas v. Davis*, 533 US 678, 690 (2001).

7.      In the immigration context, the "special justification" for detention is two-fold:  first, preventing danger to the community; and second, ensuring the appearance of the noncitizen at future immigration proceedings and for removal, if ordered.  *Id* at 691.

8.      Individuals, such as Mrs. Manriquez, can be held subject to mandatory detention under INA §236(c)-- 8 U.S.C. §1226(C), but all circuits to consider the issue have held that at some point, after a person has been held without bond for some period of time, continued mandatory detention becomes constitutionally suspect:

> a.  In *Sopo v. Attorney General*, the 11th Circuit construed §236(c) "to contain an implicit temporal limitation at which pint the government must provide an individualized bond hearing to detained criminal aliens." 825 F.3d 1199, 1214 (11th Cir. 2016).
> b.  The 1st circuit in *Reid v. Donelan*, held "the Due Process Clause imposes some form of "reasonableness" limitation upon the duration of detention that can be considered justifiable under that statute," and thus it is "necessary to read an implicit reasonableness requirement into the statute."  819 F.3d. 486, 494 (1st Cir. 2016).
> c.  In *Lora v. Shanahan*, 804 F.3d 601, 606 (2d Cir. 2015), the Court held that "in order to avoid significant constitutional concerns surrounding the application of [236(c)], it must be read to contain an implicit temporal limitation."
> d.  The Third circuit has also held "the statue implicitly authorized detention for a reasonable amount of time, after which the authorities much make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community."  *Diop v. ICE*, 656 F.3d 221, 231-32 (3d Cir. 2011).
> e.  Likewise, the Sixth Circuit: "INS may detain prima facie removable aliens for a time reasonably required to complete removal proceedings in a timely manner.  If the process takes an unreasonably long time, the detainee may seek relief in habeas proceedings. *Ly v. Hansen*, 351 F3d 263, 267-68 (6th Cir. 2003).
> f.  The 9th Circuit in *Rodriguez v. Robbins* held that noncitizens held in detention under 236(c) are entitled to a bond hearing before an IJ once detention has lasted for six months.  804 F.3d. 1060 (9th Cir. 2015).

9.      Courts have not adopted a uniform rule as to how long mandatory detention must be before it is considered "prolonged.  The Second and Ninth Circuits have adopted a "bright line rule" that detention becomes prolonged at the six-month mark.  The First, Third, Sixth, and Eleventh Circuits have adopted case-specific rule.  Regardless, it is clear that mandatory

---

[1] Fong yue Ting v. U.S., 149 U.S. 698, 730 (1893)

detention can be imposed for only a relatively short period of time—arguably between six months and no more than one year.

10.     Mrs. Manriquez has been held since April 2016.  She was granted legal residency in December 2017.  And though that decision is on appeal, there can be no Constitutionally sound justification for continued mandatory dentation without an individualized hearing.

V.     Exhaustion of Administrative Remedies

Mrs. Manriquez is being held in detention in violation of the law.  She is entitled to immediate release.  She has exhausted all available administrative remedies and there are no further administrative remedies available to her.  Any appeal to the Board of Immigration Appeals in ineffective to provide immediate relief and would be futile.

VI.     Irreparable Injury

Mrs. Manriquez is suffering and will continue to suffer irreparable injury because of the Respondent's refusal to establish a bond.  Every day that she is held in custody she suffers further injury with is irreparable, further it is inexcusable as the Immigration Judge as already granted her relief.

VII.     Relief

Petitioner requests this Court to grant the following relief:

1.     Order that ICE is prohibited from applying INA §236(c) to Mrs. Manriquez and order the Respondent to produce the Petition before this Court forthwith to explain why she should not be released from custody immediately;

2.     Order that the Petitioner be released from custody immediately, either without bond or with a bond in a reasonable amount to be determined by the Immigration Judge.

4.     Grand an award of attorneys' fee and costs; and

5.     Grand such other relief as may be just and reasonable.


Dated this _____ day of _____, 2018


_____
Eric M. Johnson,
Attorney for Mrs. Manriquez

## CERTIFICATE OF SERVICE

I, Eric M. Johnson, hereby certify that a true copy of the foregoing Petition for Writ of Habeas Corpus was sent by first class mail on February 19, 2018, to the following:

Jefferson Sessions
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Jeffrey Lynch
Field Office Director ICE
U.S. Immigration and Customs Enforcement
Denver District Office
12445 E. Caley Avenue
Centennial, CO 80111-5663

Johnny Choate
Warden, Aurora ICE Processing Center
3130 N Oakland St
Aurora, CO 80010

Kirstjien Nielsen
Secretary Department of Homeland Security
Nebraska Avenue Center NW
Washington, DC 20508

James McHenry
Director EOIR
5107 Leesburg Pike, Suite 1902
Falls Church
VA 22041

_____
Eric M. Johnson,
Attorney for Petitioner